UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TROY IVORY,

        Petitioner,

v.                                                                        Case No. 3:21-CV-11048

BUREAU OF PRISONS,

        Respondent.
_____/

**OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS SETTING DEADLINE TO PETITIONER TO NOTIFY COURT OF INTENT TO PURSUE**

Petitioner Troy Ivory confined at the Federal Correctional Institution in Petersburg, Virginia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his convictions out of this court for conspiracy to distribute and possess with intent to distribute controlled substances and health care fraud conspiracy. For the reasons stated below, the petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 will be summary denied as filed under the wrong statutory provision. Petitioner will be instructed to notify the court within thirty days of this order if he wishes to have this petition recharacterized as a motion to vacate sentence under 28 U.S.C. § 2255 in Case # 2:11-CR- 20551.

**I. BACKGROUND**

Petitioner pleaded guilty to the above offenses before this Court. On November 20, 2015, petitioner was sentenced to 120 months in prison to run concurrent with the undischarged portion of a state sentence. *United States v. Rhodes,* U.S.D.C. No. 2:11-

CR-20551-DT (E.D. Mich.)(Cleland, J.).  Petitioner did not file an appeal or a post-conviction motion to vacate sentence with the Court.  Petitioner did file a motion related to the calculation of his jail credits.  The motion was construed as a petition for writ of habeas corpus brought under 28 U.S.C. § 2241 because Petitioner was challenging the execution, as opposed to the imposition, of his sentence.  The petition was dismissed without prejudice because Petitioner had failed to fully exhaust his administrative remedies with the Bureau of Prisons. *See United States v. Ivory*, No. 2:11-CR-20551, 2020 WL 2465510 (E.D. Mich. May 13, 2020).

Petitioner has now filed a petition for writ of habeas corpus with this court pursuant to 28 U.S.C. § 2241.  Petitioner brings a number of challenges to his conviction and sentence.  Petitioner seeks habeas relief on the following grounds:

> I. Defendant requesting that the court clarify its intentions regarding the judgment of sentence.  The sentencing was concurrent to the undischarged state sentence imposed in Case No. 2012-3852-FH (See Exhibits A and B).
>
> II. Defendant requesting that the court clarify its reason why his [federal] sentence was not adjusted for the 22 mos. [months] from the undischarged state sentence imposed in Case No. 2012-3852-FH (See Exhibits A and B).
>
> III. Ineffective asst. [assistance] of counsel by Attorney Mr. David S. Steingold.

## II.  DISCUSSION

This court lacks jurisdiction over the Petitioner's habeas application filed under 28 U.S.C. § 2241 because Petitioner is not incarcerated in the Eastern District of Michigan.  As a general rule, jurisdiction for core habeas petitions in which a petitioner challenges his present physical confinement lies exclusively in the district of

2

confinement. See *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004). A district court therefore cannot adjudicate a habeas corpus petition unless it has personal jurisdiction over the custodian of the prisoner. *Guerra v. Meese*, 786 F. 2d 414, 415 (D.C. Cir. 1986). The habeas corpus power of federal courts over federal prisoners has been confined by Congress through 28 U.S.C. § 2241 to the district court within whose territorial jurisdiction the custodian is located. See *Wright v. United States Board of Parole,* 557 F. 2d 74, 77 (6th Cir. 1977). As a result, habeas corpus proceedings may occur in a court of confinement that is different from the court of conviction. See *Martin v. Perez,* 319 F. 3d 799, 803 (6th Cir. 2003).

Although a federal prisoner may bring a petition for writ of habeas corpus under § 2241 if he can show that his remedy under 28 U.S.C. § 2255 is inadequate to challenge the validity of his sentence, a petition for a writ of habeas corpus under § 2241 is nonetheless confined to the district court having jurisdiction over the petitioner's custodian. Indeed, "Only the custodial court has the jurisdiction to determine whether a petitioner's claims are properly brought under § 2241 via the savings clause of § 2255." *Padilla v. U.S.*, 416 F. 3d 424, 426 (5th Cir. 2005). Petitioner is currently incarcerated in the United States District Court for the Eastern District of Virginia. The federal court for that district has exclusive jurisdiction over his petition for writ of habeas corpus. See *Hale v. Fox*, 829 F.3d 1162, 1165 (10th Cir. 2016)(petition for writ of habeas corpus brought under § 2241 must be filed in the district where the federal prisoner is confined); *Light v. Caraway*, 761 F.3d 809, 812 (7th Cir. 2014)(§ 2241 petition must be filed in the district of incarceration).

Instead, a motion to vacate sentence under § 2255 is the proper avenue for relief as to a federal inmate's claims that his sentence was imposed in violation of the federal constitution or laws. *See Capaldi v. Pontesso*, 135 F. 3d 1122, 1123 (6th Cir. 1998).  A federal prisoner may bring a claim challenging his conviction or the imposition of sentence under 28 U.S.C. § 2241 only if it appears that the remedy afforded under § 2255 is inadequate or ineffective to test the legality of the defendant's detention. *See Wooten v. Cauley,* 677 F. 3d 303, 307 (6th Cir. 2012).  Habeas corpus is not an additional, alternative, or supplemental remedy to the motion to vacate, set aside, or correct the sentence. *See Charles v. Chandler*, 180 F. 3d 753, 758 (6th Cir. 1999).  The burden of showing that the remedy afforded under § 2255 is inadequate or ineffective rests with the petitioner and the mere fact that a prior motion to vacate sentence may have proven unsuccessful does not necessarily meet that burden. *In Re Gregory*, 181 F. 3d 713, 714 (6th Cir. 1999).  The remedy afforded under § 2255 is not considered inadequate or ineffective simply because § 2255 relief has already been denied, or because the petitioner has been procedurally barred from pursuing relief under § 2255, or because the petitioner has been denied permission to file a second or successive motion to vacate sentence. *Wooten v. Cauley,* 677 F. 3d at 303.  Similarly, a habeas petitioner's § 2255 remedy is not inadequate merely because the petitioner permitted the one year statute of limitations contained in the Antiterrorism of Effective Death Penalty Act (AEDPA) to expire. *Charles,* 180 F. 3d at 758.

"Section 2255(e) limits district courts' subject-matter jurisdiction. A district court has no jurisdiction over an application for habeas under section 2241 if the petitioner

4

could seek relief under section 2255, and either has not done so or has done so unsuccessfully. The only escape route is the saving clause." *Taylor v. Owens*, 990 F.3d 493, 499 (6th Cir. 2021).

Petitioner acknowledges that he never filed a motion to vacate sentence in his criminal case. (ECF No. 1, PageID. 4). Petitioner asks the court to either grant him 28 months jail credit or grant him a downward departure from the sentencing guidelines range for the 6 years that Petitioner served on the undischarged portion of his state sentence. Petitioner also alleges that his trial counsel was ineffective.

Petitioner's challenge to the sentence imposed in this case should be brought in a § 2255 motion to vacate sentence. *Capaldi,* 135 F. 3d at 1123. In particular, a motion to vacate his sentence, rather than a federal habeas petition, is the proper remedy for a federal prisoner to challenge the district court's failure to reduce his federal sentence pursuant to the sentencing guideline for imposition of a sentence on a defendant subject to an undischarged term of imprisonment in state custody. *See Garrett v. Snyder*, 41 F. App'x 756, 757–58 (6th Cir. 2002). Likewise, Petitioner's ineffective assistance of counsel claim is a challenge to his conviction which should be brought in a § 2255 motion to vacate sentence rather than a § 2241 petition for writ of habeas corpus. *See e.g. Mans v. Young*, 36 F. App'x 766, 768 (6th Cir. 2002).

Petitioner is unable to show that his post-conviction remedy under § 2255 is inadequate or ineffective so as to permit him to challenge his conviction by means of a § 2241 habeas petition, because Petitioner has never attempted to file a § 2255 motion to vacate sentence before this court. An inmate convicted of a federal crime cannot claim

5

that the post-conviction remedies that are available to him under § 2255 are inadequate or ineffective until he has unsuccessfully attempted to obtain post-conviction relief by filing a § 2255 motion. *See e.g. Capaldi,* 135 F. 3d at 1124; *See also Copeland v. Hemingway,* 36 F. App'x 793, 794-95 (6th Cir. 2002).

A motion to vacate sentence under § 2255 affords the same rights as a habeas corpus petition. *Davis v. United States*, 417 U.S. 333, 343-44 (1974). However, unlike federal habeas corpus proceedings, a motion under § 2255 is presented to the judge who presided at the original conviction and sentencing of the prisoner. Rule 4(a), 28 U.S.C. foll. § 2255; E.D. Mich. LR 83.11(b)(6); *see also Hill v. United States*, 368 U.S. 424, 427 (1962). Petitioner should bring any challenges to his conviction and sentence in a motion to vacate sentence.

This court, however, cannot *sua sponte* re-characterize the petition for writ of habeas corpus as a motion to vacate sentence brought under § 2255.

Where a federal district court re-characterizes a *pro se* criminal defendant's motion as a first motion to vacate sentence brought pursuant to Section 2255, it must first notify the defendant that it intends to re-characterize the pleading, warn the defendant that any subsequent motion to vacate sentence will be subject to the Antiterrorism and Effective Death Penalty Act's restrictions on the filing of subsequent motions to vacate, and must provide the defendant with an opportunity to either withdraw the motion or to amend the motion so it can contain all of the claims that the movant wishes to raise in the motion. *Castro v. United States,* 540 U.S. 375, 383 (2003). If the district court fails to do so, the first motion cannot be considered a motion

to vacate sentence for purposes of applying the restrictions on filing a second or successive motion to vacate sentence. *Id.*

The court will therefore order Petitioner to advise the court within thirty days of this order whether he wishes to have his petition for writ of habeas corpus re-characterized as a motion to vacate sentence brought pursuant to 28 U.S.C. § 2255 in Case No. 2:11-CR-10551 and whether he wishes to amend the motion to add additional claims.  If Petitioner notifies this court that he wishes to have this petition re-characterized as a motion to vacate sentence, the court will then order the government to file a response to the motion to vacate sentence.

### III.  CONCLUSION

IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2241 is SUMMARILY DENIED.

IT IS FURTHER ORDERED that Petitioner is DIRECTED to inform this court within thirty days of this order (1) whether he wishes to have his petition for writ of habeas corpus reclassified and filed as a motion to vacate sentence under 28 U.S.C. § 2255 in Case # 2:11-CR-20551, and (2) whether he wishes to amend the motion to add any additional claims.

s/Robert H. Cleland                           /
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  August 31, 2021

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 31, 2021, by electronic and/or ordinary mail.

<u>s/Lisa Wagner                      /</u>
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\CHD\2254\21-11048.IVORY.2241.Reclassify.docx